**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1329

_____

UNITED STATES OF AMERICA

v.

STEVE MACK,
                              Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00692-001)
District Court Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
March 01, 2022
_____

Before: McKEE,* AMBRO, SMITH, *Circuit Judges*

(Opinion filed: January 10, 2023)

_____

OPINION**
_____

_____

* Judge McKee assumed senior status on October 21, 2022.
** This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Steve Mack filed this pro se appeal of the District Court's denial of his motion to suppress after a jury convicted him of illegally possessing a firearm and ammunition. For the following reasons, we will affirm the judgment of the District Court.[1] We review each of Mack's appellate issues in turn.

## I.

### A. Motion to Suppress [2]

Mack first claims that the District Court erred in denying his motion to suppress evidence that was seized from 133 N. Paxton Street, including narcotics, a firearm, and ammunition. We reject that claim substantially for the reasons set forth by the District Court in its thorough Memorandum dated August 24, 2020.[3]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[2] We review the District Court's denial of a motion to suppress for clear error as to the underlying factual determinations but exercise plenary review over the District Court's application of those facts to the law. *United States v. Murray*, 821 F.3d 386, 390-91 (3d Cir. 2016).

[3] *United States v. Mack*, No. 19-692, 2020 WL 4954110, at *5-7 (E.D. Pa. Aug. 24, 2020).

## B. The Indictment and Jury Instructions[4]

Mack also argues that the District Court erred in applying *Rehaif v. United States*,[5] both in denying his motion to dismiss the superseding indictment and in its jury instructions.[6] He claims that *Rehaif* requires that the government prove he was aware of his "felon" status.[7] This is incorrect. We have previously held that *Rehaif* only requires proof beyond a reasonable doubt that the defendant "knew he was a 'person . . . who has been convicted . . . of . . . a crime punishable by imprisonment for a term exceeding one year'" and not that he knew that he was a "felon" as a matter of law.[8]

Thus, neither the superseding indictment nor the jury instructions were erroneous. The indictment alleged with respect to both Count Three (felon in possession of firearm) and Count Four (felon in possession of ammunition) that the defendant, "knowing he had

---

[4] We exercise plenary review of a challenge to the sufficiency of an indictment. *United States v. Whited*, 311 F.3d 259, 262 (3d Cir. 2002). We apply "a mixed standard of review to a district court's decision on a motion to dismiss an indictment, exercising plenary review over legal conclusions and clear error review over factual findings." *United States v. Stock*, 728 F.3d 287, 291 (3d Cir. 2013). We exercise plenary review of a challenge to the legal standard stated in a jury instruction. *U.S. v. Lee*, 359 F.3d 194, 203 (3d Cir. 2004).

[5] 139 S. Ct. 2191 (2019).

[6] **Appellant Br. at 11-15, 21.**

[7] *Id.* **at 14-16.**

[8] *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020) (en banc), *overruled in part on other grounds by Greer v. United States*, 141 S. Ct. 2090 (2021). Other Circuit Courts of Appeals have made clear that *Rehaif* did not alter the well-known maxim that ignorance of the law (or mistake of law) is no excuse to a conviction under § 922(g). *See United States v. Singh*, 979 F.3d 697, 727-28 (9th Cir. 2020) (holding, after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," not that "he knew his status prohibited him from owning a firearm"); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020) (same).

previously been convicted . . . of a crime punishable by imprisonment for a term exceeding one year," knowingly possessed a firearm and ammunition.[9] The jury instructions stated that the government must prove beyond a reasonable doubt that "at the time of the charged act . . . Mr. Mack knew he had been convicted in a court of a crime punishable by imprisonment for a term exceeding 1 year."[10]

### C. Sufficiency of the Evidence[11]

Mack further contends that there was insufficient evidence of his "status" as a felon,[12] and insufficient evidence that he constructively possessed the firearm and ammunition.[13] We again disagree.

The government introduced records from the Pennsylvania Department of Corrections showing that Mack had served approximately eight years' imprisonment for prior convictions,[14] from which a rational jury could have concluded beyond a reasonable doubt that Mack knew he had been convicted of a crime punishable by imprisonment exceeding one year.

---

[9] Supp. App. 0003-0004.

[10] Supp. App. 1171. The jury instructions also comport with the model jury instructions for this Court. *See* Model Third Circuit Crim. Jury Instruction 6.18.922G-1 (2022).

[11] Our review of the sufficiency of the evidence is "highly deferential." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc). The question before us is, "after viewing the evidence in the light most favorable to the prosecution, [whether] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[12] **Appellant Br. at 15.**

[13] *Id.* **at 16.**

[14] **Supp. App. 1093-1101.**

To establish that Mack constructively possessed the firearm and ammunition, the government was required to prove beyond a reasonable doubt that he "knew of the [items] and that 'he exercised dominion or control'" over the area in which they were found.[15] Although Mack argues that the gun and ammunition were not his and not found in his bedroom,[16] the government presented sufficient evidence to allow a reasonable jury to find beyond a reasonable doubt to the contrary.[17]

Mack's arguments that the government failed to prove "the operability of the firearm," the jury was "never instructed . . . on the elements of a firearm" and the government failed to prove that the ammunition was "actually ammunition"[18] are belied by the record.[19]

---

[15] *United States v. Foster*, 891 F.3d 93, 111 (3d Cir. 2018) (quoting *United States v. Caldwell*, 760 F.3d 267, 278 (3d Cir. 2014)).

**[16] Appellant Br. at 16-17.**

[17] This evidence included (1) agents' testimony that Mack admitted that the ammunition and firearm had been in his possession, **Supp. App. 126-27, 278,** (2) cellular site location information, which strongly indicated that Mack resided at the location where the parole agents found the firearm and ammunition, **Supp. App. 643, 651, 653,** and (3) most damningly, recorded jail calls, during which Mack admitted to family and friends that 133 N. Paxton Street was his house and the belongings in the bedroom were his. **Supp. App. 714, 721-23, 788-89.**

[18] Appellant Br. at 19.

[19] An examiner from the Philadelphia Police Department's Firearms Investigations Unit testified that he test-fired the revolver and found it to be an operable firearm, **Supp. App. 475,** and an agent testified that the ammunition box was "green and yellow which is a very distinctive Remington ammunition brand box." Supp. App. 55; *see also* **Supp. App. 274-78**. An expert also confirmed that the ammunition found was, in fact, ammunition. **Supp. App. 1123-26.** Additionally, in line with the statutory definition under 18 U.S.C. § 921(a)(3), the jury was appropriately instructed that a "[f]irearm means a weapon which will expel or is designed to or may readily be converted to expel, a projectile by the action of an explosive." Supp. App. 859.

## D. Prosecutorial Misconduct[20]

Mack alleges the government was guilty of numerous violations of the Federal Rules of Evidence and the ABA's Rules of Professional Conduct purportedly rising to the level of prosecutorial misconduct.[21] However, these arguments are merely meritless challenges to properly admitted evidence, appropriate cross-examination, and impeachment evidence that Mack takes issue with. They do not merit further discussion.

## E. Sentencing[22]

Lastly, Mack challenges the four-level sentencing enhancement that was imposed pursuant to U.S.S.G. § 2K2.1(b)(6)(B) [23] and the two-level enhancement imposed pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.[24]

U.S.S.G § 2K2.1(b)(6)(B) applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."[25] A district court must find by a preponderance of the evidence "that the defendant used or possessed a firearm; that the defendant committed another felony offense, regardless of whether a criminal charge was

---

[20] Ordinarily, the question of whether a prosecutor's statements caused prejudice arises on a motion for mistrial, and this Court reviews the district court's decision on the motion for abuse of discretion. *United States v. Molina-Guevara,* 96 F.3d 698, 703 (3d Cir. 1996). Given that no objection on the basis of prosecutorial misconduct was made at trial, however, we review Mack's prosecutorial misconduct claim for plain error. *Gov't of the Virgin Islands v. Mills*, 821 F.3d 448, 456 (3d Cir. 2016); Fed. R. Crim. P. 52(b).
[21] **Appellant Br. at 41–47.**
[22] "We review a district court's legal conclusions regarding the [Sentencing] Guidelines de novo, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon,* 557 F.3d 113, 118 (3d Cir.2009) (citations omitted).
[23] **Supp. App. 1310.**
[24] **Supp. App. 1301-07, 1315.**
[25] U.S.S.G. § 2K2.1(b)(6)(B).

brought or a conviction obtained; and that the firearm facilitated, or had the potential of facilitating, the felony offense."[26] Under Application Note 14(B), if that felony is drug trafficking, the enhancement applies when a gun "is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia."[27]Accordingly, the District Court properly rejected Mack's argument that the sentencing enhancement under U.S.S.G. § 2k2.1(b)(6)(B) did not apply to him because a jury did not find him guilty on Count One and Count Two.[28] There was sufficient evidence to support the District Court's conclusions that the gun was found in close proximity to drugs,[29] and the firearm had the potential of facilitating the felony offense of drug trafficking.

The District Court also did not commit clear error in applying the two-point enhancement under U.S.S.G. § 3C1.1 for Mack's obstruction of justice.[30] Section 3C1.1 provides for a two-level enhancement if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution" through conduct related to "the defendant's offense of conviction."[31] Under the application notes, "committing, suborning, or attempting to suborn perjury"

---

[26] *U.S. v. West*, 643 F.3d 102, 110 (3d Cir. 2011).

[27] U.S.S.G. § 2K2.1 cmt. n.14(B).

[28] In *United States v. Watts*, 519 U.S. 148, 157 (1997), the Supreme Court also reasoned that a "jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquittal charge, so long as that conduct has been proven by a preponderance of the evidence."

[29] The loaded handgun was found in a nightstand next to Mack's bed, in a small room where a safe was located in the closet. The safe contained 10 flip-top containers of crack cocaine, 46 packets of powder cocaine, a digital scale, and $911 in cash. **Supp. App. 284-92, 383-84; 453-62.**

[30] **Supp. App. 1300-06.**

[31] U.S.S.G. § 3C1.1.

7

constitutes an obstruction of justice and warrants the enhancement.[32] In turn, "[a] defendant who testifies under oath at trial commits perjury within § 3C1.1 if [s/]he 'gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'"[33] The District Court correctly found that Mack made material misrepresentations including that he had "no familiarity" with the firearm and nothing in the room at 133 N. Paxton Street was his.[34]

## II.

For the foregoing reasons, we will affirm.

---

[32] U.S.S.G. § 3C1.1 cmt. n.4(B).

[33] *United States v. Napolitan*, 762 F.3d 297, 312 (3d Cir. 2014) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)).

[34] **Supp. App. 1300-1306.** Mack's false testimony was willful, as required for a finding of perjury, rather than the product of "confusion, mistake, or a faulty memory" *Napolitan*, 762 F.3d at 312, as evidenced by his decision to spin an elaborate narrative that the gun was not his and he did not reside at 133 N. Paxton Street. **Supp. App. 771-772, 778.**